IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Karen L. Burgess, ) | C/A No. 8:04-0502-JFA-BH |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | **ORDER** |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261 (1976). The district court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

This is an action by the plaintiff, Karen L. Burgess to obtain judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433 and 1381-1383c.

The United States Magistrate Judge to whom this matter was referred has filed a detailed and comprehensive Report and Recommendation suggesting that the decision of the Commissioner is not supported by substantial evidence. Therefore, the Magistrate Judge suggests that the Commissioner's decision be reversed and remanded for further consideration regarding the credibility of the plaintiff. In addition, the Report sets forth in detail the relevant facts involved in this case, and the court incorporates those facts as described in the Report without a full recitation.

The parties were advised of their right to file objections to the Report, however, neither party has filed objections as of the date of this order.

The plaintiff first applied for DIB and SSI in October and November 2001 alleging disability from the onset date of September 6, 2001 from lumbar degenerative disc disease, chronic lower back pain and leg pain, depression, and anxiety. Her applications were denied initially and upon reconsideration. She was granted a hearing before an Administrative Law Judge ("ALJ") before whom she appeared and testified without attorney representation. The ALJ issued a decision on March 27, 2003, and found that the plaintiff was not disabled. The Appeals Council affirmed the ALJ's decision on January 23, 2004.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The plaintiff was 38 years old at the time of the ALJ's decision. She has a high school

3

education with some technical education. She has past work experience as an office worker, administrative assistant, contract analyst, and retail cashier.

On March 27, 2003, the ALJ made the following findings of fact:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits, as set forth in Section 216(i) of the Social Security Act, and is insured for benefits through December 31, 2006.

2. The claimant has not engaged in any substantial gainful activity since September 6, 2001, the alleged disability onset date.

3. The claimant's lumber degenerative disc disease, chronic lower back and leg pain, depression and anxiety are impairments considered "severe" in combination based on the criteria in the Regulations at 20 CFR §§ 404.1520(b) and 416.920(b).

4. The claimant's impairments do not meet or medically equal the criteria of any listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The claimant's testimony does not support a finding of disability.

6. The undersigned has carefully considered all of the medical opinions regarding the severity of the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

7. The claimant has the residual functional capacity to perform "light" work, as defined by 20 CFR §§ 404.1567 and 416.967, subject to the following additional limitations: she is to have the option to alternate between sitting or standing as needed; she is to avoid all crawling, crouching, climbing, squatting, kneeling and pushing or pulling with the legs; and she is restricted to simple, unskilled work.

8. The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965).

9. The claimant is a "younger individual" (20 CFR §§ 404.1563 and 416.963).

10. The claimant has more than a high school education (20 CFR §§ 404.1564 and 416.964) and transferability of skills is not an issue in this case.

11. Although the claimant's limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decision-making, and based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that she could perform.

12. The claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f)).

After a careful review of the applicable law, the record in this case, and the Report and Recommendation, the court finds that the Magistrate's suggested disposition is appropriate. Accordingly, the Report is incorporated herein by reference, and the decision of the Commissioner denying benefits is hereby reversed and remanded to the Commissioner for further consideration regarding the credibility of the plaintiff, and, if necessary, the testimony of the vocational expert. In the event that a new credibility determination necessitates new findings, the ALJ is directed to take additional vocational testimony.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

July 13, 2005
Columbia, South Carolina